UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IRENE HERNANDEZ,                    )
                                    )
            Plaintiff,              )
                                    )       CIVIL ACTION NO.
VS.                                 )
                                    )       3:14-CV-1560-G
STILLWATER INSURANCE                )
COMPANY, ET AL.,                    )
                                    )
            Defendants.             )

MEMORANDUM OPINION AND ORDER

Before the court is the plaintiff's motion to remand this case to the state court

from which it was previously removed (docket entry 11).  For the reasons stated

below, the motion is granted.

I.  BACKGROUND

This case arises from the alleged mishandling of the plaintiff's insurance claim

for damage to her home caused by a hail and windstorm in March of 2013.  *See*

Plaintiff's Original Petition ("Petition") at 1-3 (docket entry 1-6).  Following the

storm, the plaintiff, Irene Hernandez ("Hernandez"), filed an insurance claim under a

homeowner's policy issued by the defendant Stillwater Insurance Company

("Stillwater").  *Id.* at 3.  Stillwater assigned the defendant Jimmie Pospisil

("Pospisil"), an adjuster, to investigate the claim.  *Id.*  Hernandez alleges that Pospisil

conducted a "substandard inspection" and "misrepresented the cause of, scope of, and

cost to repair the damage" to the property, "as well as the amount of and insurance

coverage for" the damage under the insurance policy.  *Id.*  She further claims that

these misrepresentations led Stillwater to underpay on the insurance claim, and that

she has consequently been unable to fully repair the remaining damage, which has

caused further damage to the property.  *Id.* at 3-4.  Hernandez also contends that her

property sustained additional damage as a result of negligent and false advice given by

Pospisil about how to repair it.  *Id.*

Hernandez filed this suit against Stillwater and Pospisil on April 3, 2014, in

the 191st Judicial District Court of Dallas County, Texas, to recover damages

resulting from the mishandling of her insurance claim and for unfair settlement

practices.  *See* Petition at 1.  On April 29, 2014, the defendants removed the case to

federal court based on diversity of citizenship, claiming that Pospisil, a Texas citizen,

was improperly joined to defeat diversity jurisdiction.  *See* Defendants' Notice of

Removal ("Notice") ¶¶ 9, 11-21 (docket entry 1-1).  The plaintiff filed the instant

motion to remand on June 3, 2014, arguing that removal was improper because there

is not complete diversity of citizenship between the parties.  *See* Plaintiff's Opposed

Motion to Remand (docket entry 11).  The defendants filed an untimely response to

the plaintiff's motion on July 1, 2014.  *See* Defendants' Response to Plaintiff's Motion to Remand ("Response") (docket entry 21).

The plaintiff does not dispute that the amount in controversy in this case exceeds $75,000.  *See generally* Plaintiff's Brief in Support of Her Opposed Motion to Remand ("Plaintiff's Brief") (docket entry 12).  Stillwater does not dispute that Pospisil, like the plaintiff, is a citizen of Texas.  *See* Notice at 2.  Therefore, the only issue before the court is whether Pospisil is properly joined as a defendant.

## II.  ANALYSIS

### A.  Legal Standard

#### 1.  *Removal Jurisdiction*

Title 28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court."  *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993).  However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns."  *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988); see also *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).  Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court."  *Cross v. Bankers Multiple Line*

*Insurance Company*, 810 F.Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); see also

*Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941).  The party

seeking removal bears the burden of establishing federal jurisdiction.  *Willy*, 855 F.2d

at 1164.

There are two principal bases upon which a district court may exercise removal

jurisdiction:  the existence of a federal question, *see* 28 U.S.C. § 1331, and complete

diversity of citizenship among the parties.  *See* 28 U.S.C. § 1332.  Here, the removing

defendants have alleged only diversity of citizenship as a basis for this court's

jurisdiction.  *See* Notice at 2.  The court can properly exercise jurisdiction on the basis

of diversity of citizenship after removal only if three requirements are met:  (1) the

parties are of completely diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) none of the

properly joined defendants is a citizen of the state in which the case is brought, *see* 28

U.S.C. § 1441(b); and (3) the case involves an amount in controversy of more than

$75,000, *see* 28 U.S.C. § 1332(a).

## 2.  *Improper Joinder*

Even if a defendant has the same citizenship as the plaintiff, a federal court can

still possess removal jurisdiction over an action if the court finds that the plaintiff

improperly joined the non-diverse defendant.  The Fifth Circuit has recognized two

grounds on which a court can find that a defendant was improperly joined:

"'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff

to establish a cause of action against the non-diverse party in state court.'" *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)), *cert. denied*, 544 U.S. 992 (2005). The first of these two grounds is not applicable to this case. To satisfy the second test for improper joinder, the defendant must demonstrate that "there is *no possibility* of recovery by the plaintiff against an in-state defendant, which stated differently means that there is *no reasonable basis* for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (emphasis added). In making this determination, the court must resolve all contested issues of fact in favor of the plaintiff. *Travis*, 326 F.3d at 648-49.

To determine whether the plaintiff is unable to establish a cause of action against a non-diverse defendant, the court should "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573.[1] "The scope of the inquiry for fraudulent joinder,

---

[1]     The parties dispute whether the court should use the strict federal pleading standard for this inquiry, or the more lenient state notice-pleading standard. *See* Plaintiff's Brief at 4; Response at 3. The court need not decide which standard is appropriate at this time, as the petition ultimately satisfies both standards. The court will proceed with the stricter 12(b)(6)-type analysis, since the complaint meets that standard, but it is the court's opinion that applying the state pleading standard is actually more appropriate. See *De La Hoya v. Coldwell Banker Mexico, Inc.*, 125 F.

(continued...)

however, is broader than that for Rule 12(b)(6)." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003), *cert. denied*, 546 U.S.813 (2005).

The Rule 12(b)(6)-type analysis requires the court to ask whether the plaintiff has pleaded "'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company v. Dallas Area Rapid Tranit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted). To survive a 12(b)(6)-type challenge, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not improperly joined." *Randle v. SmithKline Beecham Corporation,* 338 F. Supp. 2d 704, 708 (S.D. Miss.

---

[1](...continued)
App'x 533, 537 (5th Cir. 2005) (applying the Texas fair notice pleading standard to determine whether allegations were sufficient to state a claim under state law); *Durable Specialties, Inc. v. Liberty Insurance Corporation*, No. 3:11-CV-0739-L, 2011 WL 6937377, at *5 (N.D. Tex. Dec. 30, 2011) (Lindsay, J.) (arguing that application of the Texas pleading standard is logical and compelled by fundamental fairness); *Edwea, Inc. v. Allstate Insurance Company*, No. H-10-2970, 2010 WL 5099607, at *5 (S.D. Tex. Dec. 8, 2010) (noting that the majority of courts have held that when a state pleading standard is more lenient, a federal court should apply the state pleading standard to determine whether there is a reasonable basis for recovery in state court).

2004).  In other words, "[a] 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Smallwood*, 385 F.3d at 573 n.9 (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).  That said, the party seeking removal bears the burden of proving that joinder was improper, and that burden is a heavy one.  *Id.* at 574.  The court can only deny the plaintiff's motion for remand if, as a matter of law, there is absolutely no possibility that the plaintiff can state a valid claim against the non-diverse defendant in state court.  See *B., Inc. v. Miller Brewing Company*, 663 F.2d 545, 554 (5th Cir. 1982).  If the defendants cannot prove improper joinder, remand is mandated.  *Smallwood*, 385 F.3d at 575.

## B.  Application

Hernandez contends that Pospisil violated various sections of Chapter 541 of the Texas Insurance Code.  *See* Petition at 3-6.  Texas law recognizes suits against insurance adjusters in their individual capacities under the Texas Insurance Code. Chapter 541 of the Code prohibits "persons" from engaging in unfair settlement practices, TEX. INS. CODE § 541.003, and defines "person" as "an *individual*, corporation, association, partnership, . . . or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster*, or life and health insurance counselor."  *Id.* § 541.002(2) (emphasis added).  The Supreme Court of Texas and the Fifth Circuit have both confirmed that adjusters, as employees of insurance

companies, can be held individually liable for violating the Code.  See *Liberty Mutual Insurance Company v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 487 (Tex. 1998) (holding that "section 16 of Article 21.21 provides a cause of action against insurance company employees whose job duties call for them to engage in the business of insurance"); *Gasch v. Hartford Accident & Indemnity Company*, 491 F.3d 278, 282 (5th Cir. 2007) (citing *Garrison Contractors*, 966 S.W.2d at 484-86) ("Texas law clearly authorizes Article 21.21 actions against insurance adjusters in their individual capacities.").[2]  Because Texas law recognizes claims against adjusters like Pospisil in their individual capacities, the issue becomes whether the plaintiff has properly stated a claim against Pospisil for his conduct as Stillwater's adjuster.

In making this determination, the question before the court is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" Pospisil, the non-diverse, in-state defendant.  See *Smallwood*, 385 F.3d at 573.  The defendants urge that Hernandez cannot recover from Pospisil because her original petition asserts "mere conclusory allegations, wholly lacking in specific, factual support for any claim against Mr. Pospisil in his individual capacity." Notice at 5.  Hernandez, however, responds that she "has attributed conduct specifically to Pospisil, separate from that attributed to Stillwater," and thus has

---

[2]    The original Texas Insurance Code has been re-codified, but the "legal standards have not changed" in the re-codification from Article 21.21 to Chapter 541.  See *Gasch*, 491 F.3d at 280 n.2.

"properly alleged at least one valid state law cause of action, if not multiple, against Pospisil." *See* Plaintiff's Brief at 6.

The court will first address the defendants' argument that the plaintiff's allegations are too conclusory to support any claim against Pospisil.  Hernandez alleges in her petition that the defendants "misrepresented to Plaintiff that the damage to the Property was not covered under the policy" in violation of section 541.060(a)(1), "failed to make an attempt to settle Plaintiff's claim in a fair manner" in violation of section 541.060(a)(2)(A), "failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made" in violation of section 541.060(a)(3), and "failed to affirm or deny coverage of Plaintiff's claim within a reasonable time" in violation of section 541.060(a)(4). Petition at 5-6.  The plaintiff further alleges that the defendants' conduct "has caused additional, further damage to Plaintiff's property." *Id.* at 4.  While these allegations are a near-verbatim recitation of portions of Chapter 541, such a recitation does not preclude the possibility of recovering against Pospisil so long as Hernandez has also alleged sufficient facts describing actionable conduct by Pospisil.  As part of their burden to show that joinder was improper, the defendants must establish that the petition fails to adequately implicate Pospisil in these alleged acts.

In this regard, the defendants argue that Hernandez cannot possibly recover from Pospisil in state court because Pospisil's actions are indistinguishable from the

actions of Stillwater.  *See* Notice at 6.  In other words, the defendants contend that

the plaintiff failed to distinguish between Pospisil's allegedly wrongful acts and those

of Stillwater, and therefore cannot recover from Pospisil.  See *id.* (citing *Novelli v.*

*Allstate Texas Lloyd's*, No. H-11-2690, 2012 WL 949675, *4-5 (S.D. Tex. Mar. 19,

2012) (concluding that "because the Plaintiffs' claims against [the adjuster] are

identical to his claims against the corporate Defendants, he fails adequately to state a

claim against [the adjuster].")).  To support their position, the defendants rely upon

*Bailey v. State Farm Lloyds*, No. H-00-3638, 2001 WL 34106907 (S.D. Tex. Apr. 12,

2001), to illustrate that the plaintiff's original petition fails to state that Pospisil

acted outside his duties as an adjuster.  *See* Notice at 6 (citing *Bailey*, 2001 WL

34106907, at *5).  *Bailey* involved the improper joinder of two non-diverse State

Farm adjusters, Johnson and Lucas, who were in charge of inspecting the insureds'

damaged property and corresponding with them about their insurance claim.  *Bailey*,

2001 WL 34106907, at *1-2.  The *Bailey* court reasoned that the plaintiffs'

allegations were conclusory, finding that:

> Johnson and Lucas' role in these alleged events, however, is
> manifestly unclear from the complaint . . . .  Missing from
> the facts is even a mention of Johnson and Lucas, let alone
> any description of events that would indicate that
> Defendants Johnson and Lucas made any
> misrepresentations or failed to make a good faith effort to
> settle all of Plaintiffs' claims after a reasonable
> investigation.  The complaint does not even make clear
> that Johnson and Lucas are adjusters employed by State

> Farm or that they were responsible for processing the
> Baileys' claims.

*Id.* at *5.  Accordingly, the *Bailey* court concluded that without elaboration on any

actionable conduct on the part of Johnson and Lucas, the plaintiffs could not state a

claim against them and they were therefore improperly joined.  *Id.*

Bailey is distinguishable from this case, however, because while neither Johnson

nor Lucas was ever mentioned in the factual allegations of the *Bailey* plaintiffs'

petition, Hernandez's petition not only names Pospisil as the adjuster responsible for

her claim, it also specifies actionable conduct attributed to Pospisil in his individual

capacity.  For instance, while there was no indication in *Bailey* that defendants

Johnson and Lucas made any misrepresentations, Hernandez specifically describes

how, among other misrepresentations, "Pospisil misrepresented the cause of, scope of,

and cost to repair the damage to Plaintiff's Property, as well as the amount of and

insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy."  *See*

Petition at 3.  Furthermore, the fact that Stillwater and Pospisil are referred to

together as "defendants" does not alone mean that Hernandez did not properly state

a claim against Pospisil, since she also described actionable conduct by Pospisil

independent of Stillwater's actions.

The other improper joinder cases cited by the defendants, *see* Notice at 6 n.13,

likewise evince a level of specificity below that contained in Hernandez's state-court

petition.  See *Novelli*, 2012 WL 949675, at *4 ("Plaintiffs do not distinguish between

Storm's allegedly wrongful acts and those of the corporate Defendants."); *Centro Cristiano Cosecha Final, Inc. v. Ohio Casualty Insurance Company*, No. H-10-1846, 2011 WL 240335, at *14 (S.D. Tex. Jan. 20, 2011) ("No specific misrepresentation by Gresham to Plaintiff is pleaded"); *Lakewood Chiropractic Clinic v. Travelers Lloyds Insurance Company*, No. H-09-1728, 2009 WL 3602043, at *3 (S.D. Tex. Oct. 27, 2009) (concluding that the plaintiff's original petition "fails to allege facts illustrating what actions are attributable to Victor individually" because the petition merely included "a near verbatim recitation" of portions of the Texas Insurance Code); *Weldon Contractors, Ltd. v. Fireman's Fund Insurance Company*, No. 4:09-CV-0165-A, 2009 WL 1437837, at *3 (N.D. Tex. May 22, 2009) (McBryde, J.) (finding that a plaintiff's "allegations are really legal conclusions couched as factual allegations, with no factual support in the petition" because, "[f]or example, nowhere in the petition does plaintiff allege that Baker made any representations or misrepresentations to him of any kind, except in the conclusory assertion[s]").  As described above, while Hernandez's petition may include language that tracks the statutory provisions of the Code, it also includes factual allegations describing actionable conduct by Pospisil individually that, if proved, constitute Code violations.

In fact, the plaintiff's original petition exhibits a level of specificity at or above that which has previously been considered sufficient to find joinder proper.  See *Sahinkaya v. Travelers Indemnity Company*, No. 3:10-CV-0717-B, 2010 WL 3119423,

at *4 (N.D. Tex. Aug. 5, 2010) (Boyle, J.) (citing *Iqbal*, 556 U.S. at 678) (finding that the plaintiff's original petition, which used language almost identical to the petition in the instant case, provided sufficient facts for "the Court . . . to draw the 'reasonable inference' that Owens [the adjuster] could be liable under Texas law for the alleged misconduct"); *Davis v. Travelers Lloyds of Texas Insurance Company*, No. H-09-2260, 2009 WL 3255093, at *5 (S.D. Tex. Sept. 29, 2009) (reasoning that evidence suggesting that Cespedes, the in-state defendant, "was, at least partly, responsible for some portion of Standard's investigation and/or decision relative to the plaintiff's claim" was sufficient to determine that "Cespedes, while acting as a 'person' engaged in the business of insurance, *may* have contributed in some way to the investigation and/or decision relative to the plaintiff's claim" and therefore "could *possibly* be held liable to the plaintiff under the Texas Insurance Code").

Resolving all contested issues of fact in the plaintiff's favor, as the court is required to do, the court concludes that Pospisil's alleged misrepresentations would constitute a violation of Chapter 541 of the Insurance Code.  Accordingly, the court is able to draw the "reasonable inference" that Pospisil could possibly be held liable to the plaintiff under Texas law for the alleged misconduct.  That is sufficient to determine that Pospisil's joinder was not improper.  The defendants have failed to carry their heavy burden to show that the plaintiff has no reasonable possibility of recovery against Pospisil in state court.  See *Smallwood*, 385 F.3d at 573.  It

necessarily follows that complete diversity of citizenship does not exist between the parties, and that this court lacks subject matter jurisdiction over this case.

### III.  CONCLUSION

For the reasons stated above, the plaintiff's motion to remand is **GRANTED**.

Accordingly, this case is **REMANDED** to the **191st Judicial District Court of Dallas County, Texas**.  The clerk shall mail a certified copy of this order to the district clerk of Dallas County, Texas. 28 U.S.C. § 1447(c).

**SO ORDERED**.

July 25, 2014.

_A. Joe Fish_

**A. JOE FISH
Senior United States District Judge**